**Decided April 6, 1981**

130

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

| | |
|---|---|
| SOUTH SEAS CORPORATION,) | CIVIL ACTION NO. 81-03 |
| Plaintiff, ) | |
| vs. ) | ORDER |
| VICENTE S. SABLAN, ) | |
| Defendant. ) | |

Plaintiff has moved for summary judgment pursuant to Rule 56, Com. R. Civ. P. The motion is supported by affidavits. No counter-affidavits were filed by the defendant and according to Rule 56(e), this failure will mean the entry of summary judgment if otherwise appropriate.

Indeed, at oral argument of this matter, defendant did not attack the summary judgment motion. The sole basis of opposition to the motion is that this court lacks jurisdiction because of Article IV, Section 2 of the Constitution of the Northern Mariana Islands. Defendant simply argues that this is an action in which the value of the matter in controversy exceeds five thousand dollars.

The plaintiff counters that argument by relying on a preceding portion of the same section of the Constitution which states that the Commonwealth Trial Court has jurisdiction over actions involving land in the Commonwealth.

This is not the first time that this court has had to determine the extent to which a case is "involving land." The same problem has been considered by the District Court for the Northern Mariana Islands.  Villagomez v Villagemez, Civil No. 78-009, decided March 22, 1979. (copy attached as Appendix "A")

In that case, the plaintiff sued defendants for close to $35,000.  It was alleged that the plaintiff and defendants agreed the plaintiff would provide funds for the construction of some buildings on the defendants' land and, in exchange, plaintiff would use the buildings until she recovered her investment from rentals or profits.  After the buildings were erected, plaintiff alleged the defendants breached the agreement, evicted plaintiff and therefore sued for the return of the funds plaintiff expended.

Since the lawsuit concerned a proported lease of land upon which plaintiff's claim was based, the District Court held that:

> "actions involving land" include any
> dispute the resolution of which is,
> in whole or in part, dependent upon
> a determination first being made of
> a controverted claim to any right,
> title, or interest in land.
>
> This case, since it involves
> a resolution of the respective
> rights of the parties to the same
> parcel of land as embodied in
> disputed lease, falls within the
> jurisdiction of the Commonwealth
> Trial Court."

The odd twist to this case is the fact that this court has previously determined the rights of the parties to the

land in question in South Seas Corporation v Vicente S. Sablan, et al., Civil Action No. 80-12. During the litigation of the case, the South Seas Corporation paid rent to the defendant Sablan for the use of the premises involved in the lawsuit. That matter was decided in the plaintiff's favor so in this case, the plaintiff seeks to recover the rent previously paid.

There is no doubt that if the instant claim had been joined as an additional count in Civil Action 80-12, this court would have jurisdiction.

Since this action is a "follow up" or "fall out" from Civil Action 80-12, it would appear to be incongruous to ignore the basis of the claim and determine that this court has no jurisdiction. The core or source of plaintiff's claim is the right to the land in question.

Plaintiff's motion for summary judgment is simply that Civil Action 80-12 determined the rights of the parties and that, therefore, the rental paid to the defendant should be returned.

It is concluded that since this court and the District Court (as perceived by the decision in Villagomez v Villagomez supra,) have interpreted and used the term "involving land" in a broad sense, jurisdiction lies in this court.

Accordingly, plaintiff's motion for summary judgment is granted. Plaintiff's counsel shall prepare and submit a judgment to the court for entry.

Dated at Saipan, CM, this 6th day of April, 1981.

Robert A. Hefner, Chief Judge